UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN BROPHY,

             Plaintiff,

      v.

HOME DEPOT U.S.A., INC., et al.,

           Defendants.

Case No. 2:25-cv-03296-TLN-CSK

PRETRIAL SCHEDULING ORDER AND ORDER DISMISSING DOE DEFENDANTS

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES, INCLUDING THOSE PROCEEDING WITHOUT COUNSEL, MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS.

On March 3, 2026, the Court conducted a status (initial pretrial scheduling) conference in this matter.[1] At the scheduling conference, Plaintiff Brian Brophy appeared pro se and by telephone.[2] Attorney Matthew Becker appeared in person on behalf of

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(21).

[2]  Plaintiff did not appear in-person as required, and the Court made an exception and permitted Plaintiff to appear by telephone.

1

Defendant Home Depot U.S.A., Inc.[3] After considering the parties' joint status report (ECF No. 13), and the scheduling conference held, the Court issues the following pretrial scheduling order.

## I.      NATURE OF THE CASE

The following summary of the case is based on the parties' joint status report. (ECF No. 13 at 2.) Plaintiff alleges that he rented a trailer from Defendant that was later determined to have stolen license plates. Plaintiff claims that, as a result, he was stopped by multiple law enforcement officers during the course of his use of the trailer. Plaintiff alleges to have suffered emotional distress. Defendant denies that it engaged in any wrongful conduct and contends that it exercised reasonable care at all relevant times. Defendant disputes liability and the nature and extent of damages.

## II.      SERVICE OF PROCESS, JOINDER OF PARTIES, PLEADINGS AMENDMENT

All named Defendants have been served and have answered the Complaint. (ECF No. 13 at 2.) No further service, joinder of parties, or amendments to pleadings is permitted except with leave of Court, and only after good cause is shown.

The Court notes ten (10) Doe Defendants are named in the Complaint. (See ECF No. 1 at 5, 7.) The inclusion of such "Doe" defendants is generally disfavored in the Ninth Circuit. *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). In the parties' Rule 26(f) report, Plaintiff indicates he is unsure as to dismissing Doe Defendant 1-10. (ECF No. 13 at 2). Defendant indicates it does not anticipate joinder of additional parties at this time. *Id*. The Court informed Plaintiff at the scheduling conference that if the identities of Doe Defendants are discovered, the proper course is to file a motion to amend. The Doe Defendants are hereby DISMISSED from this case, and should Plaintiff wish to amend to add additional named defendants after discovering their identities, Plaintiff may file a motion to amend and submit this motion for the Court's review. No further service,

---

[3]   Defendant Home Depot U.S.A., Inc., states it was erroneously named as "Home Depot USA, Inc." ECF No. 13 at 2.

2

joinder of parties, or amendments to pleadings is permitted except with leave of Court, and only after good cause is shown.

## III.   JURISDICTION/VENUE

The parties assert that the Court has diversity jurisdiction (ECF No. 13 at 2), which is found to be proper. Venue is proper and undisputed. (*Id.*)

## IV.   DISCOVERY DEADLINES AND PROCEDURES FOR DISCOVERY DISPUTES

### A.   Initial Disclosures

The parties agreed to exchange Rule 26 Initial Disclosures on or before **March 16, 2026** by agreement. (ECF No. 13 at 4.) At the scheduling conference, the parties confirmed initial disclosures will be exchanged on the agreed upon date.

### B.   Joint Mid-Discovery and Mediation Status Statement

By **July 15, 2026**, all parties shall file with the Court a Joint Mid-Discovery and Mediation Status Statement summarizing the current status of discovery and mediation efforts. This statement shall include discovery completed to date and identification of issues, if any, preventing discovery from proceeding in a timely manner. The filing of this statement shall not relieve the parties or counsel of their obligations to meet and confer, comply with the deadlines set by the Court, and comply with the discovery procedures set by the Court.

### C.   Non-Expert Discovery

All non-expert discovery shall be completed by **November 13, 2026**. "Completed" means (1) all non-expert discovery shall have been conducted, including written discovery and depositions taken, and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure, this Court's Local Rules,[4]

---

[4] The Local Rules of the United States District Court for the Eastern District of California are available on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

including Local Rule 251, and Judge Kim's Civil Standing Orders.[5] Judge Kim hears civil motions on Tuesdays at 10:00 a.m.

### D.    Expert Discovery

Plaintiff  shall disclose any expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) no later than **December 29, 2026**. Defendant shall disclose any expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) no later than **January 12, 2027.** Any rebuttal expert disclosures shall be made in accordance with Fed. R. Civ. P. 26(a)(2) no later than **February 11, 2027**. Expert disclosures shall be served upon all parties. All expert discovery shall be completed by **March 12, 2027**. "Completed" means (1) all expert discovery shall have been conducted, including depositions taken, and (2) any disputes related to expert discovery shall have been resolved by appropriate court order if necessary and, where discovery has been ordered, the order has been complied with. The same procedures for discovery disputes applies to non-expert and expert discovery.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the expert witness demonstrates that the failure was substantially justified or is harmless. *See* Fed. R. Civ. P. 37(c). Upon discovery of any such expert witness, the party offering the late disclosed expert witness must promptly notify all parties in writing, promptly make the expert witness available for deposition, and promptly notify the Court in a written filling. This filing must include the case deadlines for expert disclosures, expert discovery cut-off, dispositive motions, final pretrial conference, and trial. Failure to timely provide the information required by Fed. R. Civ. P. 26(a)(2) may lead to preclusion of the expert's testimony or other appropriate sanctions. See Fed. R. Civ. P. 37(c).

/ / /

---

[5] Judge Kim's Civil Standing Orders are available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/.

**E.**    **Discovery Disputes**

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without Court intervention. Such meet and confer shall take place in person, by telephone, or by video. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were taken, including when and where such discussions took place, who participated, how the parties' disputes were narrowed as a result of such discussions; and (b) a summary of discovery completed to date. Failure to comply with these requirements may result in summary denial of any discovery motion.

The Court strongly encourages the use of informal telephonic discovery conferences with the Court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are set forth in Judge Kim's Civil Standing Orders. In addition, and subject to availability, the Court will rule on disputes encountered during oral depositions. If a dispute arises during the deposition, the parties may contact Judge Kim's Courtroom Deputy at (916) 930-4187 to inquire regarding Judge Kim's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the Court may impose appropriate sanctions.

**V.    MOTIONS**

All pretrial law and motion, including motions for summary judgment under Fed. R. Civ. P. 56, shall be filed by **May 18, 2027** and heard by Judge Kim by **June 22, 2027**.[6]

---

[6]  Pursuant to Local Rule 230(b), a motion set for hearing on June 22, 2027 must be filed by May 18, 2027, which is 35 days before the hearing date. Please note that Judge Kim has a separate schedule for cross motions for summary judgment, which is set out in her Civil Standing Orders. For cases with pro se parties, the assigned magistrate judge hears all non-dispositive and dispositive pretrial motions, including motions for summary judgment. *See* Local Rule 302(c)(21).

Dispositive motions must be filed following the procedures of Local Rules 230 and 260, and Judge Kim's Civil Standing Orders. Counsel and parties proceeding without counsel should pay particular attention to the rules for Statements of Undisputed Facts for motions for summary judgment, cross motions for summary judgment, and general brief requirements in the Local Rules and Judge Kim's Civil Standing Orders. If both Plaintiff and Defendant intend to file motions for summary judgment, the parties must follow the schedule and requirements set out in Judge Kim's Civil Standing Orders for cross motions for summary judgment.[7] Judge Kim generally hears civil motions on Tuesdays at 10:00 a.m. This paragraph does <u>not</u> apply to motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the Court may set a special briefing schedule, if necessary or appropriate.

All purely legal issues are to be resolved by timely pretrial motion. The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that can be resolved by pretrial motion. Motions in limine should address trial-related issues, such as the admissibility of evidence. The Court will look with disfavor upon dispositive motions or other substantive legal motions presented as motions in limine at the time of trial.

## VI.   SETTLEMENT CONFERENCE

If the parties want to conduct a settlement conference with a magistrate judge, they are to contact the undersigned's courtroom deputy at (916) 930-4187 or awaldrop@caed.uscourts.gov, to inquire as to the availability of another magistrate judge for a settlement conference. Parties should communicate the specific time frame when they would like the settlement conference held.

/ / /

---

[7]  Pursuant to Judge Kim's Civil Standing Orders, if both Plaintiff and Defendant intend to file motions for summary judgment, Plaintiff's opening summary judgment motion must be filed by April 27, 2027.

**VII.     FINAL PRETRIAL CONFERENCE AND TRIAL**

The final pretrial conference and jury trial will take place before the assigned district judge, the Honorable Troy L. Nunley. Judge Nunley declines to set final pretrial conference and trial dates at this juncture. Instead, the Court orders the parties to submit a Notice of Trial Readiness on one of the following timelines:

A.     After resolution of any pending dispositive motions, the parties are to submit the Notice not later than thirty (30) days after receiving the District Court's ruling(s) on the last filed dispositive motion(s); or

B.     If the parties do not intend to file dispositive motions, they are ordered to file the Notice not later than one hundred twenty (120) days after the close of discovery and the notice must include statements of intent to forgo the filing of dispositive motions.

In the Notice of Trial Readiness, the parties are to set forth the appropriateness of special procedures, their estimated trial length, any request for a jury, their availability for trial, and if the parties are willing to attend a settlement conference. The Notice shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments. The parties' estimate shall include time necessary for jury selection, time necessary to finalize jury instructions and instruct the jury. After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth dates for a final pretrial conference and trial.

/ / /

/ / /

## VIII.   SCHEDULE SUMMARY

| Event | Deadline Ordered |
|---|---|
| Initial Disclosures Due By | **March 16, 2026** |
| Joint Mid-Discovery and Mediation Status Statement Filed By | **July 15, 2026** |
| Non-Expert Discovery Completion | **November 13, 2026** |
| Plaintiff's Expert Disclosures Due By | **December 29, 2026** |
| Defendant's Expert Disclosures Due By | **January 12, 2027** |
| Rebuttal Expert Disclosures Due By | **February 11, 2027** |
| Expert Discovery Completion | **March 12, 2027** |
| If cross-motions for summary judgment,[8] Plaintiff's Summary Judgment Motion Filed By | **April 27, 2027** |
| If no cross-motions for summary judgment, Dispositive Motions Filed By | **May 18, 2027** |
| Dispositive Motions Heard By | **June 22, 2027 at 10:00 a.m. before Judge Chi Soo Kim, Courtroom 25** |
| Notice of Trial Readiness | 30 days after receiving the District Judge's ruling(s) on the last filed dispositive motion(s); or if the parties do not intend to file dispositive motions, 120 days after the close of discovery. |

## IX.   MODIFICATIONS OF THIS SCHEDULING ORDER

This case schedule will become final without further order of the Court unless written objections are filed within fourteen (14) days of the entry of this order. The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of Court upon a showing of "good cause." *See Johnson*

---

[8]   If both Plaintiff and Defendant intend to file motions for summary judgment, the parties must follow the schedule set out in Judge Kim's Civil Standing Orders for cross-motions for summary judgment.

*v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause. Requests or stipulations to continue dispositive motion deadlines, the final pretrial conference, or trial dates must establish good cause and are not granted lightly.

Any request or stipulation to modify this scheduling order must set forth the following:

1. the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the final pretrial conference date, and the trial date;

2. whether there have been prior requests for extensions, and whether these were granted or denied by the Court; and

3. specific, concrete reasons supporting good cause for granting the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of negotiation efforts (e.g., whether a mediator has been selected, a mediation has been scheduled, etc.).

Dated:  March 5, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, brop3296.25